DLA PIPER US LLP
ROY K. MCDONALD, Bar No. 193691
roy.mcdonald@dlapiper.com
STEPHEN CHIARI, Bar No. 221410
stephen.chiari@dlapiper.com
DAVID M. DOYLE, Bar No. 233439
david.doyle@dlapiper.com
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

T. WADE WELCH & ASSOCIATES
CHAD M. HAGAN (*pro hac vice*)
chagan@twwlaw.com
CHRISTINE D. WILLETTS (*pro hac vice*)
cwilletts@twwlaw.com
2401 Fountainview, Suite 700
Houston, Texas 77057
Tel: 713.952.4334
Fax: 713.952.4994

Attorneys for Plaintiffs
DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES CORPORATION and
NAGRASTAR L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>SatFTA aka SERGEI ALEX ALEXEYEV,<br><br>Defendant. | CASE NO. 08 CV 01561 JF (PVT)<br><br>**APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND TIME TO EFFECTUATE SERVICE; POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

DLA PIPER US LLP
SAN FRANCISCO

WEST\21448085.1    APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND
TIME FOR SERVICE; POINTS AND AUTHORITIES (CASE NO. 08CV01561 JF (PVT))

1  Plaintiffs DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C. (collectively "EchoStar"), and NAGRASTAR L.L.C. ("NagraStar") (collectively "Plaintiffs"), by and through their attorneys, hereby apply for an order directing service of summons on Defendant SatFTA aka SERGEI ALEX ALEXEYEV ("Defendant") by publication in a newspaper of general circulation, pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure section 415.50, and for a 45-day extension of time to complete such service.

This application is made on the ground that said defendant cannot with reasonable diligence be located and served in any other manner specified in Rule 4(e) or Code of Civil Procedure sections 415.10 through 415.30, and as shown by the complaint on file herein, a cause of action for injunctive relief and damages exists against said defendant.

This application is based on Federal Rule of Civil Procedure 4(e)(1), California Code of Civil Procedure section 415.50, this Application, the Declarations of Stephen Chiari and Renee Coltharp, the attached Points and Authorities set forth below, and the complete files and records of this action.

Dated: July 2, 2008

DLA PIPER US LLP

By _____
STEPHEN CHIARI
Attorneys for Plaintiffs
DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES CORPORATION and
NAGRASTAR L.L.C.

**POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is an action for numerous violations of the Digital Millennium Copyright Act, the Communications Act of 1934, and the California Penal Code. On March 21, 2008, Plaintiffs filed a complaint against Defendant for unlawfully manufacturing, distributing, and otherwise trafficking in devices, components, and technology intended to facilitate the illegal and

-2-
WEST\21448085.1
APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND TIME FOR SERVICE; POINTS AND AUTHORITIES (CASE NO. 08CV01561 JF (PVT))

DLA PIPER US LLP
SAN FRANCISCO

unauthorized reception and decryption of Plaintiffs' subscription and pay-per-view television programming.

Although Plaintiffs have diligently attempted to serve Defendant, service has not been completed. Therefore, Plaintiffs respectfully request that the Court order that the summons and complaint be served on Defendant by publication and grant a 45-day extension of time to complete such service.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on March 21, 2008, alleging various claims based on Defendant's piracy of Plaintiffs' satellite network. Based on Defendant's illegal activities, an actual controversy and causes of action exist against Defendant. (Declaration of Renee Coltharp in Support of Application for Order for Publication of Summons and to Extend Time to Effectuate Service, at ¶¶ 1-12.) Plaintiffs' counsel caused a "person search" to be run through LexisNexis on Defendant, which indicated that Defendant has resided at 558 Olivos Drive, #210, Santa Clara, California since January 1998. (Declaration of Stephen Chiari in Support of Application for Order for Publication of Summons and to Extend Time to Effectuate Service ("Chiari Decl."), at ¶ 4.) Plaintiffs' counsel retained a process server who made ten (10) unsuccessful attempts at personal service on Defendant and thereafter "staked out" Defendant's residence with negative results. (Chiari Decl. at ¶ 5.) Plaintiffs' counsel unsuccessfully attempted to contact Defendant by telephone at the only telephone number discovered through the "person search." (Chiari Decl. at ¶ 6.) Plaintiffs' counsel additionally attempted to serve Defendant under California Code of Civil Procedure § 415.30, by mailing the complaint and summons by First Class Mail. (Chiari Decl. at ¶ 7.) Plaintiffs' counsel also attempted unsuccessfully to contact Defendant's attorney in another matter to determine whether he would accept service on behalf of Defendant or could otherwise advise of Defendant's whereabouts. (Chiari Decl. at ¶ 8.)

Plaintiffs have exhausted all reasonable means to effect serve on Defendant, and therefore respectfully request that the Court issue an order permitting service by publication and a 45-day extension of time to effectuate this service.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21448085.1

-3-
APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND
TIME FOR SERVICE; POINTS AND AUTHORITIES (CASE NO. 08CV01561 JF (PVT))

## III. DISCUSSION

### A. This Court Has Authority to Order Service of Summons and Complaint by Publication.

Federal Rules of Civil Procedure 4(e)(1) provides that a summons and complaint may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Therefore, this Court is permitted to follow state law for the proper service of a summons and complaint.

California Code of Civil Procedure section 415.50 allows service by publication for persons who cannot be served otherwise. This rule provides in pertinent part:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . :
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Thus, service of process by publication is proper under Rule 4(e)(1) where plaintiffs make an adequate showing of due diligence in their attempts to serve process, and procedural steps under state law for service by publication are carefully followed. *H.B. Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (holding service of process by publication proper under Oklahoma law).

As more fully detailed in the Declaration of Stephen Chiari submitted herewith, EchoStar and NagraStar have exercised reasonable diligence in attempting to personally serve Defendant. Such efforts have been unsuccessful. Further, as set forth in the Complaint and Declaration of Renee Colthorp, causes of action exist against Defendant based upon numerous violations of federal and state law. Accordingly, this Court has authority pursuant to Federal Rules of Civil Procedure 4(e)(1) and California Code of Civil Procedure section 415.50 to order service of the summons and complaint by publication.

DLA Piper US LLP
San Francisco

WEST\21448085.1

-4-
APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND TIME FOR SERVICE; POINTS AND AUTHORITIES (CASE NO. 08CV01561 JF (PVT))

**B. The Time to Effectuate Service Should Be Extended.**

Under Federal Rules of Civil Procedure 6(b)(1)(A), a court may extend the time for performance of any act for good cause. Moreover, Rule 4(m) provides that the court must extend the time for service of the summons and complaint for an appropriate period if the plaintiff shows good cause for failure to serve within the specified 120-day period after filing the complaint. Fed. R. Civ. P. 4(m). Good cause generally means plaintiff attempted service by did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control. *Television Signal Corp. v. City and County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000). Good cause is examined by considering: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service under FRCP 6(b). *Id.* at 646.

Plaintiffs are seeking this extension of time to serve the summons and complaint prior to expiration of the original 120-day requirement. As set forth above and in the Declaration of Stephen Chiari submitted herewith, Plaintiffs have exercised reasonable diligence in attempting to personally serve Defendant, yet their efforts have been unsuccessful. Therefore, the Court should grant an extension of time, where, as here, good cause exists for such extension to permit Plaintiffs to effectuate service by publication.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs EchoStar and NagraStar respectfully request the Court to issue an order allowing service of the summons and complaint by publication in *The San Jose Mercury* News, a newspaper most likely to give Defendant actual notice of this pending action, and to extend the time for service to a date 45 days after the entry of the order approving service by publication.

DLA Piper US LLP
San Francisco

WEST\21448085.1

-5-
APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND TIME FOR SERVICE; POINTS AND AUTHORITIES (CASE NO. 08CV01561 JF (PVT))

| | | |
|---|---|---|
| 1 | Dated: July 2, 2008 | Respectfully submitted, |
| 2 | | DLA PIPER US LLP |
| 4 | | By ___/s/ Stephen Chiari_____ |
| 5 | | STEPHEN CHIARI<br>Attorneys for Plaintiffs<br>DISH NETWORK L.L.C., ECHOSTAR<br>TECHNOLOGIES CORPORATION and |
| 6 | | NAGRASTAR L.L.C. |

DLA PIPER US LLP
SAN FRANCISCO

WEST\21448085.1

-6-
APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS AND TO EXTEND
TIME FOR SERVICE; POINTS AND AUTHORITIES (CASE NO. 08CV01561 JF (PVT))

1  DLA PIPER US LLP
   ROY K. MCDONALD, Bar No. 193691
2  roy.mcdonald@dlapiper.com
   STEPHEN CHIARI, Bar No. 221410
3  stephen.chiari@dlapiper.com
   DAVID M. DOYLE, Bar No. 233439
4  david.doyle@dlapiper.com
   153 Townsend Street, Suite 800
5  San Francisco, CA 94107-1957
   Tel: 415.836.2500
6  Fax: 415.836.2501

7  T. WADE WELCH & ASSOCIATES
   CHAD M. HAGAN (*pro hac vice*)
8  chagan@twwlaw.com
   CHRISTINE D. WILLETTS (*pro hac vice*)
9  cwilletts@twwlaw.com
   2401 Fountainview, Suite 700
10 Houston, Texas 77057
   Tel: 713.952.4334
11 Fax: 713.952.4994

12 Attorneys for Plaintiffs
   DISH NETWORK L.L.C., ECHOSTAR
13 TECHNOLOGIES CORPORATION and
   NAGRASTAR L.L.C.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                           SAN JOSE DIVISION

18

| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company, | CASE NO. 08 CV 01561 JF (PVT) |
|---|---|
|  | **[PROPOSED] ORDER FOR PUBLICATION OF SUMMONS EXTENSION OF TIME TO EFFECTUATE SERVICE** |
| Plaintiffs, |  |
| v. |  |
| SatFTA aka SERGEI ALEX ALEXEYEV, |  |
| Defendant. |  |

DLA PIPER US LLP
SAN FRANCISCO

WEST\21448727.1    [PROPOSED] ORDER FOR PUBLICATION OF SUMMONS AND EXTENSION OF
TIME TO EFFECTUATE SERVICE (CASE NO. 08CV01561 JF (PVT))

1    Upon considering the application of Plaintiffs DISH NETWORK L.L.C., ECHOSTAR
2 TECHNOLOGIES L.L.C. (collectively "EchoStar"), and NAGRASTAR L.L.C. ("NagraStar"),
3 for an order directing service of the summons on Defendant SatFTA aka SERGEI ALEX
4 ALEXEYEV ("Defendant") by publication, and the evidence presented in support thereof, and it
5 satisfactorily appearing to the Court that Defendant cannot be served with reasonable diligence in
6 any other manner provided in Rule 4 of the Federal Rules of Civil Procedure or Sections 415.10
7 through 415.30 of the California Code of Civil Procedure, and it also appearing that a good cause
8 of action exists against Defendant,

9    IT IS HEREBY ORDERED that:

10    1.    Service of the summons in this action on Defendant SatFTA aka SERGEI ALEX
11 ALEXEYEV shall be accomplished by publication in the *San Jose Mercury News*, a newspaper
12 published and distributed in Santa Clara County, California, and designated as the newspaper
13 most likely to give actual notice to the defendant. The publication shall be made once a week for
14 four successive weeks as prescribed by California Code of Civil Procedure 415.50 and California
15 Government Code section 6064.

16    2.    A copy of the summons and complaint and of this Order for publication shall be
17 mailed to Defendant SatFTA aka SERGEI ALEX ALEXEYEV at his last known address, and to
18 any new addresses discovered during the term of publication.

19    3.    The time within which to effectuate service is extended to a date 45 days after the
20 entry of the order approving service by publication.

21    IT IS SO ORDERED.

22
23 Dated: _____    _____
                              UNITED STATES DISTRICT JUDGE