UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ET AL., | Case No. C 08-1561 JF (PVT) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DEEM MATTERS ADMITTED AGAINST DEFENDANT** |
| v. | |
| SatFTA aka SERGEI ALEX ALEXEYEV, | |
| Defendant. | **[DOCKET NO. 36]** |

### I. INTRODUCTION

On June 1, 2009, Plaintiffs DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C. (collectively "EchoStar"), and NAGRASTAR, L.L.C. ("NagraStar") (collectively "Plaintiffs") moved to deem matters admitted against defendant Sergei Alex Alexeyev. ("Defendant"). In response to Plaintiffs' First Set of Requests for Admission, Defendant had invoked the Fifth Amendment. Plaintiffs seek to have the requests be deemed admitted against the Defendant. Defendant opposes this motion. Pursuant to Civil Local Rule 7-1(b), the motion is submitted without oral argument. Based on all the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Deem Matters Admitted Against Defendant is GRANTED IN PART and DENIED IN PART. Defendant must file an amended answer to the First Set of Requests for Admission no later than 14 days after entry of this order.

ORDER, *page 1*

## II. BACKGROUND

On March 21, 2008, Plaintiffs EchoStar and NagraStar brought this action against Defendant for unlawfully manufacturing, distributing and otherwise trafficking in devices, components, and technology intended to facilitate the illegal and unauthorized reception and decryption of EchoStar's subscription and pay-per-view television programming. Specifically, Plaintiffs claimed that at various times from 2001 to 2006, Defendant, using the internet alias "SatFTA," developed and publicly distributed certain piracy codes and software for the purpose of circumventing, and facilitating others in circumventing, Plaintiffs' security system.

On October 24, 2008, Plaintiffs served Defendant with their First Set of Requests for Admission. Plaintiffs requested, *inter alia*, that the Defendant admit to the creation and distribution of the various satellite piracy programs and files alleged in Plaintiffs' Complaint. Plaintiffs further requested that the Defendant admit that the purpose of such files was to circumvent their security system. On November 20, 2008, Defendant served his responses to Plaintiffs' First Set of Requests of Admission. He invoked his Fifth Amendment right against self-incrimination on all 117 requests set forth in the First Set of Requests of Admission. On June 1, 2009, Plaintiffs filed a motion to have the matters deemed admitted against the Defendant.

## III. LEGAL STANDARD

A requesting party may move to determine the sufficiency of an answer or objection to requests for admissions. Rule 36(a)(6) of the Federal Rules of Civil Procedure dictates what the court should do in such instance. It states that "unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial." Fed. R. Civ. P. 36(a)(6).

## IV. DISCUSSION

**A.** **Defendant's Blanket Invocation of the Fifth Amendment is an Insufficient Response under Rule 36**

In response to a request for admission, "[a]n assertion of the privilege is not proper if it is so

general as to encompass virtually all questions propounded, including questions which do not pose an evident danger of incrimination; and if the privilege is unsupported by sufficient factual information from which the judge can make an intelligent evaluation of the claim." *F.T.C. v. H.N. Singer, Inc.*, 1982 WL 1907 at *7 (N.D.Cal. Oct. 26, 1982). Once the privilege is invoked, "to sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *David v. Pendler*, 650 F. 2d 1154, 1159 (9th Cir. 1981).

Plaintiffs served Defendant with 117 requests for admission. Based on a review of the requests, Defendant should possess information which would enable him to respond to some of the requests. Instead, Defendant responded by invoking the Fifth Amendment on all 117 requests. Defendant is required to provide this court with adequate evidence from which the court could make an intelligent evaluation of Defendant's claim of privilege. *See David v. Pendler*, 650 F. 2d at 1154. Defendant's counsel proffered the sole fact that the Defendant was previously charged in this same District Court and may face further prosecution in state and federal court.[1] Nevertheless, such a bare fact is insufficient to sustain a broad claim of privilege.

As discussed above, a blanket invocation of the Fifth Amendment is improper. Some of the requests may provide a link to proof of criminal activity but some of the requests, such as request number 58 as pointed out by the Plaintiffs, are clearly not facially incriminating. As such, Defendant cannot choose to ignore all of the requests and must respond to each request individually. Accordingly, the Court finds the blanket invocation of the Fifth Amendment to be an insufficient response under Rule 36.

**B.     Defendant Must Revise his Responses to the Requests for Admissions**

Despite the insufficient response provided by the Defendant, the matters need not be deemed to be admitted at this point of the proceedings. As stated by Rule 36(a)(6), the court may order that

---

[1] Defendant noted that he was formerly charged in the case of *United States of America v. Sergey Alexeyev* (06 CR 00731 RMW). The case was dismissed without prejudice. Defendant further noted that the Assistant United States Attorney Hanley Chew and the District Attorney of Santa Clara County could files new charges against the Defendant.

the Defendant amend his responses to the requests.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Deem Matters Admitted Against Defendant is GRANTED IN PART and DENIED IN PART. Defendant must file amended responses to the First Set of Requests for Admission no later than 14 days after entry of this order. Upon receipt of the amended responses, Plaintiffs may renew their motion upon further showing that the request for admission be deemed admitted against Defendant.

Dated: July 13, 2009

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge