\*\*E-Filed 3/31/2011\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company; ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company; NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>SatFTA a.k.a. SERGIO ALEXEYEV,<br><br>Defendant. | Case Number 5:08-cv-01561 JF (PSG)<br><br>ORDER[1] AWARDING ATTORNEYS' FEES |

Pursuant to this Court's order dated March 9, 2011, counsel for Plaintiffs DISH Network LLC, Echostar Technologies, LLC, and Nagrastar, LLC (collectively "Plaintiffs") have filed a declaration itemizing Plaintiffs' attorneys' fees and expenses incurred in bringing suit against Defendant SatFTA a.k.a. Sergio Alexeyev.[2] *See* Order Granting Plaintiffs' Motion for Summary

---

[1] This disposition is not designated for publication in the official reports.

[2] In that order, the Court found that Plaintiffs were entitled to attorneys' fees and costs for Defendant's violations of the Digital Millennium Copyright Act ("DMCA") and the Communications Act. *See* 17 U.S.C. § 1203(b)(4)-(5); 47 U.S.C. § 605(e)(3)(B). Although the Court also found Defendant liable for violations of Cal. Penal Code § 593, this statute does not provide for attorneys' fees. Nonetheless, Defendant's violations of the DMCA, Communications

Case No. 5:08-cv-01561 JF (PSG)
ORDER AWARDING ATTORNEYS' FEES
(JFLC1)

Judgment, Dkt. 53.

When analyzing the reasonableness of claimed attorneys' fees, a court must look to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation and quotation marks omitted). "When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006), citing *Webb v. Board of Educ.*, 471 U.S. 234, 242 (1985). "In addition, that party has the burden to prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Id.* (quoting *Guam Soc'y of Obstetricians & Gynecologists v. Ada,* 100 F.3d 691, 696 (9th Cir.1996)) (citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)

Here, Plaintiffs' counsel seek to recover $111,775.00 in fees and $682.30 in costs. In support of this request, they have provided documentation of the Clerk's fees as well as costs incurred for copies of materials necessarily obtained for use in the instant litigation[3] In addition, they have provided detailed time records and a sworn affidavit signed by counsel, indicating that the hourly rates charged are consistent with the prevailing rates charged for similar work by national law firms with offices in California.[4] Counsel have not requested attorneys' fees in connection with the work performed by local counsel DLA Piper US LLP. They also have

---

Act, and § 593 appear to be based on the same underlying acts.

[3] Declaration of Chad Hagan in Support of Plaintiffs' Bill of Costs, Dkt. 56.

[4] Declaration of Chad Hagan in Support of Order Granting Plaintiffs' Request for Summary Judgment and Attorney's Fees, Dkt. 55. The Court notes that in Exhibit 1 to the Hagan Declaration, it appears that the total fees incurred in 2009 by David Noll have been attributed mistakenly to Joseph Boyle and vice versa. However, this amounts to clerical error and does not alter the total cost of fees incurred by counsel.

2

1 excluded fees billed by T. Wade Welch & Associates in prosecuting this case from 2008 to
2 January 2009, when Hagan Noll & Boyle LLC took over as counsel for Plaintiffs.  The Court
3 finds that the amounts claimed are reasonable.

**ORDER**

Good cause therefor appearing, counsel for Plaintiffs shall recover attorneys' fees in the amount of $111,775.00 and costs in the amount of $682.30.

IT IS SO ORDERED.

DATED: March 31, 2011

_____
JEREMY FOGEL
United States District Judge

3

Case No. 5:08-cv-01561 JF (PSG)
ORDER AWARDING ATTORNEYS' FEES
(JFLC1)