**E-Filed 5/13/2011**

1  DLA PIPER US LLP
   ROY K. MCDONALD, Bar No. 193691
2  roy.mcdonald@dlapiper.com
   STEVE CHIARI, Bar No. 221410
3  stephen.chiari@dlapiper.com
   DAVID M. DOYLE, Bar No. 233439
4  david.doyle@dlapiper.com
   555 Mission Street, Suite 2400
5  San Francisco, CA  94105
   Tel:  415.836.2500
6  Fax:  415.836.2501

7  HAGAN NOLL & BOYLE LLC
   CHAD M. HAGAN (*pro hac vice*)
8  chad.hagan@hnbllc.com
   CHRISTINE D. HAGAN (*pro hac vice*)
9  christine.hagan@hnbllc.com
   Two Memorial City Plaza
10 820 Gessner, Suite 940
   Houston, Texas 77024
11 Tel:  713.343.0478
   Fax:  713.758.0146

   Attorneys for Plaintiffs
13 DISH NETWORK L.L.C., ECHOSTAR
   TECHNOLOGIES L.L.C. and
14 NAGRASTAR L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SatFTA aka SERGEI ALEX ALEXEYEV,<br><br>　　　　　　Defendant. | CASE NO.  08 CV 01561 JF (PSG)<br><br>**[AMENDED PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT** |

1    This Court, having determined that a permanent injunction should issue against
2 Defendant for the reasons set forth in the Court's Order Granting Summary Judgment Against
3 Defendant (Dkt. No. 53), hereby **ORDERS** that:
4    (1)    Defendant and any of his officers, agents, servants, employees, and those acting in
5 active concert or participation with him who receive actual notice of this Order are
6 **PERMANENTLY ENJOINED** from engaging in the following conduct:

7    a.   Knowingly and willfully making or maintaining or assisting in the making
8         or maintaining of an unauthorized connection or connections, whether
9         physically, electrically, electronically, or inductively, to DISH Network's
10        encrypted satellite signal, or any other component of DISH Network's
11        encrypted satellite signal, or to a cable, wire, or other media, or receiver
12        that is attached to DISH Network's satellite signal, DISH Network's
13        satellite system, DISH Network's conditional access system ("CAS"), or
14        any part or component thereof (collectively "DISH Network's Satellite
15        Signal or Security System");

16   b.   Knowingly and willfully purchasing, possessing, attaching, causing to be
17        attached, or maintaining or assisting in the purchasing, possessing,
18        attaching, causing to be attached, or maintaining of the attachment of any
19        unauthorized device or devices to any cable, wire, or other component of
20        DISH Network's Satellite Signal or Security system, or to a cable, wire, or
21        other media, or receiver that is attached to DISH Network's Satellite
22        Signal or Security System;

23   c.   Knowingly and willfully making or maintaining or assisting in the making
24        or maintaining of any modification or alteration to any device installed
25        without the authorization of DISH Network for purposes of using said
26        device to intercept or decrypt DISH Network's Satellite Signal or
27        circumvent DISH Network's Security System;

28

    d.    Knowingly and willfully making or maintaining any modifications or alterations or assisting in the making or maintaining of any modifications or alterations to any access device that authorizes services intended to obtain DISH Network's Satellite Signal or any DISH Network service;

    e.    Knowingly and willfully obtaining or assisting in the obtaining of any unauthorized access device and/or using or assisting in using any modified, altered, or unauthorized access device intended to obtain DISH Network's Satellite Signal or any DISH Network service;

    f.    Knowingly and willfully manufacturing, importing, assembling, distributing, selling, offering to sell, possessing, advertising for sale, or otherwise providing or assisting in manufacturing, importing, assembling, distributing, selling, offering to sell, possessing, advertising for sale or otherwise providing any device, plan or kit for a device or for a printed circuit, designed in whole or in part to decode, descramble, intercept, or otherwise make intelligible any encoded, scrambled, or otherwise nonstandard signal broadcasted by DISH Network's Satellite Signal or carried by DISH Network's services;

    g.    Intercepting, without authorization, or assisting others in intercepting, any interstate or foreign communication broadcasted by DISH Network's Satellite Signal or carried by DISH Network's services;

    h.    Knowingly and willfully making or maintaining an unauthorized connection or connections, whether physically, electrically, or inductively to a television set or to other equipment designed to receive television broadcast or transmission for the purpose of intercepting, receiving, or using any program or other service carried by DISH Network which Defendant is not authorized to receive or use;

    i.    Knowingly and willfully purchasing, possessing, attaching, causing to be attached, assisting other in or maintaining the attachment of any

unauthorized device or devices to a television set or to other equipment designed to receive a television broadcast or transmission for the purpose of intercepting, receiving, or using any program or other service carried by DISH Network which Defendant is not authorized to receive or use;

j.  Knowingly and willfully making or maintaining any modification or alteration to any device installed with the authorization of DISH Network for the purpose of intercepting, receiving, or using any program or other service carried by DISH Network which Defendant is not authorized to receive or use;

k.  Circumventing, or assisting others in circumventing, DISH Network's CAS;

l.  Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that:

  (i) is primarily designed or produced for the purpose of circumventing DISH Network's CAS;

  (ii) has only limited commercially significant purpose or use other than to circumvent DISH Network's CAS, or

  (iii) is marketed by Defendant or another acting in concert with Defendant with Defendant's knowledge for use in circumventing DISH Network's CAS;

m.  Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that:

  (i) is primarily designed or produced for the purpose of circumventing a technological measure that effectively protects the programming broadcast by DISH Network from unauthorized copying and/or distribution,

3
-[AMENDED PROPOSED] PERMANENT INJUNCTION

        (ii)    has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively protects the programming broadcast by DISH Network from unauthorized copying and/or distribution, or

        (iii)    is marketed by Defendant or another acting in concert with Defendant with Defendant's knowledge for use in circumventing a technological measure that effectively protects the programming broadcast by DISH Network from unauthorized copying and/or distribution;

    n.    Reverse engineering or assisting in the reverse engineering of DISH Network's CAS, or any portion thereof; and

    o.    Distributing or publishing or assisting in the distributing or publishing to any third party, without Plaintiffs' prior written consent, information, instructions, descriptions, diagrams, or illustrations regarding DISH Network's Security System or any portion thereof.

(2)    This Permanent Injunction takes effect immediately.

(3)    Should Defendant breach any part of this Permanent Injunction he shall be subject to damages ~~in the amounnt of~~ of up to $110,000 for each such breach or violation, which is the maximum statutory damages permitted per violation under 47 U.S.C. § 605(e)(3)(C)(i)-(ii). For purposes of assessing damages under this section, each "device, product, file, technology or part or component thereof" that is distributed by Defendant or others acting in active participation or concert with Defendant in violation of this Permanent Injunction shall constitute a separate and discrete violation. In the case of any software, firmware or other file distributed or posted by Defendant or others acting in active participation or concert with Defendant, each time that software, firmware, or other file is downloaded by an end-user shall constitute a separate and discrete violation for purposes of quantifying damages set forth in this section.

1 | IT IS SO ORDERED.

3 | DATED: May 13, 2011

*[signature]*

JEREMY FOGEL
United States District Judge

5

[AMENDED PROPOSED] PERMANENT INJUNCTION